UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JESSIE LEE ISON,<br><br>Plaintiff,<br><br>v.<br><br>FT. VILLA INCORPORATION,<br>NEW BEGINNING REALATOR PROPERTY - MANAGMENT,<br>MERRILL AND MERRILL INSURANCE,<br>J.D. PIZZOLA State Farm Agent,<br>MOLD LAW GROUP CONSULTING,<br><br>Defendants. | ) | No. 2:26-cv-00196-JPH-MKK |

**ORDER**

Plaintiff Jessie Lee Ison is an inmate at the Vigo County Jail. He alleges that the Defendants violated his rights by selling him a condominium containing mold and failing to communicate with him. *Id.*

The Court dismissed Mr. Ison's Fourteenth Amendment claims and ordered him to show cause for why the Court should not relinquish jurisdiction over his state law claims. *Id.* For the reasons explained below, the Court relinquishes jurisdiction over Mr. Ison's state law claims which are now **DISMISSED without prejudice**. Dkt. [22].

## I.
## Facts and Background

In reviewing the sufficiency of a complaint under the 12(b)(6) standard, "the well-pleaded facts in the complaint [are taken] as true." *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

In June 2024, Mr. Ison bought a condominium unit. Dkt. 1 at 5. Before January 2025, he had become "deathly ill [and] delusional from toxic mold poisoning from the roof that was damaged." *Id.* He reported the damage to property maintenance staff, who told Mr. Ison that the roof was repaired before he purchased the unit. *Id.* Mr. Ison also spoke with the police department several times about how Defendant Ft. Villa Corporation and Defendant New Beginnings Property Management "refused to accept responsibility in their liabilities in contracts." *Id.* Mr. Ison also alleges that New Beginnings' property management team hired employees "who were negligent in their duties to inspect the owners of the building." *Id.*

The mold in the unit "destroyed, contaminated and poisoned [Mr. Ison] physically. *Id.* at 6 (stating that he experienced mold in his urine, "respiratory problems," and "blood clots"). He hired "Mold Law Group," which conducted testing in the home. *Id.* The Group stopped responding to Mr. Ison, however, after collecting $3,600.00 from him. *Id.* at 8.

The Defendants did not take responsibility and, instead, placed a lien on the value of the home. *Id.* at 7 (stating that Mr. Ison "refused to pay for property care"). The unit was eventually sold at auction via a controlled buy between 10:00 AM and 1:00 PM, which deprived Mr. Ison the opportunity to obtain the value of the home. *Id.* at 8.

## II.
## Analysis

The Court screened Mr. Ison's complaint and dismissed his federal claims. Dkt. 19. Mr. Ison's breach of contract and negligence claims arise under state law remain and Mr. Ison argues the Court should not relinquish jurisdiction over them.

To begin, the Court does not have federal diversity jurisdiction over Mr. Ison's state law claims. 28 U.S.C. § 1332. Diversity jurisdiction requires an amount in controversy over $75,000 and complete diversity, meaning Mr. Ison must be a citizen of a state that differs from every defendant. *Id.* Though Mr. Ison alleges damages over $75,000, there is not complete diversity. Mr. Ison is a citizen of Indiana, and he alleges that each named defendant is also a citizen of Indiana. Dkt. 1 at 1–2. Thus, there is no federal diversity jurisdiction.

When there is no diversity jurisdiction and all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *RWJ Management Co., Inc. v. BP Products N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012). That presumption "is rebuttable, but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *RWJ Management*, 672 F.3d at 479. The Seventh Circuit has identified three exceptions "that may displace the presumption":

> (1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided.

*Id.* at 480.

Here, the statute of limitations has not clearly run on Mr. Ison's state-law claims. *See also* 28 U.S.C. § 1367(d) (providing that statute of limitations for pendent claims is tolled, meaning that it will not run out, while the claims are pending in federal court and for an additional 30 days after those claims are dismissed from federal court). The Court also has not committed significant resources to this case, and it is not "absolutely clear" how the state-law claims should be resolved. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994) ("If the question whether a state-law claim lacks merit is not obvious, comity concerns may dictate relinquishment of jurisdiction."). The Court therefore relinquishes jurisdiction over Mr. Ison's state-law claims. *See RWJ*, 672 F.3d at 479.

## III.
## Conclusion

Mr. Ison's state law claims are **DISMISSED without prejudice** from this Court. Dkt. [22]. All other pending motions are **DENIED** as moot. Dkt. [3], [4]. Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 10/20/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JESSIE LEE ISON
42168
VIGO COUNTY JAIL
600 W. Honey Creek Dr.
Terre Haute, IN 47802